## In re LEADER MERCANTILE CO.

District Court, N. D. Texas, at Dallas.
December 19, 1928.

No. 2726.

Carter & Berwald, of Dallas, Tex., for petitioners on review.

Rosser J. Coke and R. A. Ritchie, both of Dallas, Tex., amici curiæ.

MEEK, District Judge. I have before me the certificate of E. M. Baker, the referee in bankruptcy, in charge of this proceeding. The certificate, among other things, sets forth the selection by the creditors of the bankrupt of a trustee of the estate.

The creditors, presumably, selected Vernor Hall; upon his presumable selection the referee vetoed his election and called upon the creditors to make another selection. Thereupon those creditors who voted the second time selected J. J. Holliday as trustee of the estate. Whereupon the referee announced: "The court declares upon this second call of an election that J. J. Holliday is selected trustee and his bond is fixed upon the recommendation of the creditors at $3,000."

Thereafter the referee signed an order appointing J. J. Holliday as trustee, and said Holliday filed a surety bond in the sum of $3,000, which was duly approved by the referee. After these things, J. J. Holliday entered into the performance of his duties as trustee, and has been continuing to act as such, and is still acting as such trustee.

The creditors who voted for Mr. Hall as trustee, and Mr. Hall, have brought the action of the referee before the judge for review.

General Order in Bankruptcy No. 13, found in 89 F. at page vii, is as follows: "The appointment of a trustee by the creditors shall be subject to being approved or disapproved by the referee or by the judge and he shall be removable by the judge only." In this case the referee disapproved the choice of the creditors of a trustee.

Under the facts as they appear in the referee's certificate which took place before the time of the first meeting of the creditors between Vernor Hall and certain creditors of the bankrupt company, I think the referee's action in vetoing the selection of Vernor Hall as trustee of the estate was a proper exercise of his judicial discretion in this matter.

I here quote from the referee's certificate as follows:

"Mr. Hall is, in my opinion, disqualified to act as trustee in bankruptcy in this case, because, first, he is manager of the North Texas Adjustment and Credit Interchange Bureau, which according to my information, is a voluntary association of local creditors which, among other things, specializes in liquidating insolvent estates. The procedure, as I understand it, is to obtain a common-law

assignment to some employee of the Bureau and then the Bureau liquidates the estate. The particular matters handled, as I understand, are handled by the Bureau without any particular personal responsibility or trust reposing in the individual receiving the assignment. In other words, the Bureau, an unincorporated association of creditors is in effect the actual assignee. As I understand it, this is what happens if Mr. Vernor Hall or any other employee of the Bureau becomes trustee. This association operates over the whole of the state of Texas and Oklahoma and probably some adjoining states. Necessarily, these employees who receive assignments are away from the city several weeks at a time but the Bureau continues to handle the estates through its employees.

"As to whether these persons receiving assignments or receiving appointments as Trustee in Bankruptcy receive the fees charged by them personally, I am not at liberty to state, but upon information and belief do say that these employees are all under a salary basis and have no interest in the fees paid to the individual acting in this trust relation.

"Furthermore, the referee believes that said Vernor Hall receives no compensation for any work that he does as Trustee individually, but the said Bureau profits by his services and that he has no personal incentive except in so far as is required by his employer, the Bureau, regarding anything that he might do as trustee, but his entire time is consumed by said Bureau and any fees that he may receive are paid by him to said Bureau.

"Furthermore, this referee says that said Vernor Hall is under the domination of the Board of Directors of said Bureau and the shareholders therein, and that he is not free and independent to act as trustee for all creditors because he already occupies a position where it is to his interest to represent his employers. If they have received preferences in cases or should conspire to beat down prices at a sale of the assets of a bankrupt or otherwise obtain a special advantage over other creditors, this man would be in a position as trustee in this estate that would be embarrassing, to say the least."

The above is a part of the referee's certificate, and has been on file with the clerk of the court since December 3, 1928, and the substance thereof is in no manner brought into question by the representatives of Mr. Hall.

As Mr. Hall is shown by this certificate to be the manager of the North Texas Adjustment and Credit Interchange Bureau, and also sought to have this bankrupt make a general assignment for the benefit of its creditors and secured powers of attorney from the creditors of the estate, which were voted for him as trustee of the estate, I think that the referee was correct in his decision not to approve the selection of Mr. Hall as the trustee of the estate, feeling that he was not in a position to render that impartial service as trustee for all of the creditors of the estate that he would for certain of the creditors.

I approve and confirm the action of the referee.